[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14508
Non-Argument Calendar

_____

Agency Nos. A96-095-120
and A96-095-121

ALBERTO GALINDO,
AMANDA ISABEL RODRIGUEZ-RODRIGUEZ,
VIVIANA ANDREA GALINDO-RODRIGUEZ,
DIANA KATALINA GALINDO-RODRIGUEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(April 18, 2006)**

Before DUBINA, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Alberto Galindo,[1] a native of Colombia, through counsel, has filed for review of the Board of Immigration Appeals' ("BIA's") dismissal of his appeal from the Immigration Judge's ("IJ's") order finding him removable and denying his application for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and the United Nations Convention on Torture ("CAT relief"). 8 U.S.C. §§ 1158, 1231; 8 C.F.R. 208.16(c).

This petition was filed subsequent to the BIA's denial of Galindo's untimely motion to reopen his removal proceedings. On appeal, Galindo argues that he established eligibility for asylum as a result of past persecution and a well-founded fear of future persecution on account of his imputed political opinion. Galindo also argues that the IJ's decision to deny him relief based on the conclusion that his police criminal complaint mirrored his asylum application and that because he was marked for execution, but was never killed, is "unfounded" and "outrageous." In addition, Galindo argues that he established a well-founded fear of persecution under the CAT. The government responds that this Court lacks jurisdiction to consider Galindo's claims for relief because he did not file a timely petition for review with this Court, and although Galindo filed a timely petition for review of

---

[1] Alberto Galindo (Galindo) is the lead petitioner, but he is joined by family members Amanda Isabel Rodriguez Rodriguez, wife, and two daughters Diana Katalina Galindo Rodriguez, and Viviana Andrea Galindo Rodriguez. Galindo's wife and their two daughters were derivative applicants on Galindo's application. As such, the holding in this opinion applies to them as well.

the BIA's denial of his motion to open, his brief does not address the denial of that motion, and therefore, that claim should be considered abandoned.

## I.

We inquire into subject-matter jurisdiction whenever it may be lacking. Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 956 (11th Cir. 2005). We review our subject-matter jurisdiction de novo. Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003).

Under section 242(a)(1), (b)(1) of the INA, a petitioner has 30 days from the date of the final order of removal to seek review in this Court. 8 U.S.C. § 1252(a)(1), (b)(1). Dakane v. United States Att'y Gen., 371 F.3d 771, 773 n.3 (11th Cir. 2004). An order of removal made by an IJ at the conclusion of proceedings becomes final upon dismissal of an appeal by the BIA. 8 C.F.R. § 1241.1(a). Importantly, the statutory limit for filing a petition for review in an immigration proceeding is "mandatory and jurisdictional," and it is not subject to equitable tolling. Dakane, 371 F.3d at 773 n.3. Furthermore, the filing deadline for review before this Court of Appeal is not suspended or tolled by a motion to reopen the removal proceedings. Stone v. INS, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).

In Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th

3

Cir. 2005), we also held that where an appellant fails to offer any argument on an issue, that issue is abandoned.

Upon review of the record, and upon consideration of the briefs of the parties, we find that we have no jurisdiction to hear Galindo's claims for relief. Here, Galindo failed to meet the 30-day deadline for review by this Court from the date of the BIA's dismissal of his appeal. See Dakane, 371 F.3d at 773 n.3. For this reason, we do not have jurisdiction to review Galindo's underlying claims as they relate to the IJ's denial of his claims for asylum, withholding of removal, and CAT relief. Id. Because we lack jurisdiction to review the BIA's dismissal of his appeal, in 2004, it is unnecessary to address the merits of the substantive claims raised by Galindo.

Furthermore, although in his petition for review to this Court, Galindo refers to the BIA's denial of his motion to reopen in 2005, he does not raise any argument on this issue in his counseled brief. Specifically, Galindo's brief contains no law relevant to a motion to reopen, and there is no argument concerning the BIA's denial of his motion. Accordingly, Galindo has abandoned any claim relating to the denial of his motion to reopen. See Sepulveda, 401 F.3d at 1228 n.2.

**PETITION DISMISSED.**